GORTON'S OF GLOUCESTER, INC. v. UNITED STATES (No. 5172)*

United States Court of Customs and Patent Appeals, June 17, 1965

*Henry L. Ziegel, Walter E. Doherty, Jr.*, for appellant.

*John W. Douglas*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Mollie Strum*, for the United States.

[Oral argument February 1, 1965, by Mr. Doherty, Jr., and Miss Strum]

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, JR., Associate Judges

WORLEY, Chief Judge, delivered the opinion of the court:

This appeal requires us to construe the provisions of paragraph 720(b) of the Tariff Act of 1930, as modified by T.D. 51802, which read:

---

*C.A.D. 863.

Fish, prepared or preserved, not specially provided for:

> In immediate containers weighing with their contents not more than fifteen pounds each_____ 12½% ad val.
> In bulk or in immediate containers, weighing with their contents more than fifteen pounds each_____ 1¢ per lb. net wt.

 The merchandise consists of something over 5,000 pounds of prepared haddock and pollack fillets, frozen under pressure in blocks weighing approximately 13½ pounds each. Prior to freezing, the pieces of fish are placed in a shipping carton weighing between six and eight ounces. After freezing, the individual blocks are tied together in bundles of four. There is no dispute that each of the 420 blocks weighs, with its carton, less than 15 pounds.

Appellant's witnesses testified that the fillets contained in the fish blocks, although fit for human consumption, are soft in texture and irregular of size,[1] as distinguished from the firm, regularly sized fillets sold to the retail trade. It appears the blocks are subsequently processed into fish sticks or other portions by sawing them into pieces and performing additional operations to render the fish suitable for sale to the retail trade.

The goods were classified under the first provision of paragraph 720(b) as "In immediate containers weighing with their contents not more than fifteen pounds each." The importer's protest that the goods were properly classified as "In bulk" was overruled by the Customs Court, which stated:

In the case at bar, plaintiff would have us interpret paragraph 720(b) of the tariff act so as to read, in effect, "Fish, prepared or preserved, not specially provided for: (a) In immediate containers weighing with their contents not more than fifteen pounds each; (b) In bulk; and (c) In immediate containers, weighing with their contents more than fifteen pounds each," thus setting up three categories in the paragraph, instead of two categories by weight; the first for fish weighing not more than 15 pounds and the second for such fish weighing more than 15 pounds each. In our opinion, this interpretation is unwarranted. We are fortified in this conclusion by reference to the context of the second provision of paragraph 720(b), here under consideration, namely, "In bulk or in immediate containers, weighing with their contents more than fifteen pounds each." There is no semicolon after the words "In bulk" in said provision, but after the words "In bulk or in immediate containers," there follows a comma and then the qualifying clause "weighing with their contents more than fifteen pounds each." In our opinion, the latter clause modifies the language "In bulk or in immediate containers" and not merely the words "in immediate containers." Accordingly, the weight limitation as to merchandise such as that at bar, weighing more than 15 pounds each, is applicable to such merchandise whether shipped "In bulk" or "in immediate containers."

---

[1] The witness stated:

* * * a block, whether it be cod, pollack, or haddock is normally made from fish that is not suitable to be packaged for the retail trade. By not being suitable, I mean that the fish is ragged, it is pieces—the quality should be A-1 and should be boneless but as far as the texture of the fish or the firmness of the fish, it is not the same as would go in a consumer retail package.

In asking us to reverse that holding, appellant argues that paragraph 720(b), as modified, provides for three categories, two by weight, the third "In bulk;" that weight limitations were never intended to apply to bulk shipments of fish under that paragraph; that "In bulk" goods could not weigh "with their contents" more than fifteen pounds *each* and that the words "with their contents" refer to fish only in immediate containers and not to "In bulk" fish.

We are inclined to agree with appellant that paragraph 720(b) contemplates three categories, viz "In bulk" with no weight limitation, and "in immediate containers" weighing with their contents more than, or not more than, fifteen pounds each. We do not think that the absence of a semi-colon after "In bulk" necessarily precludes that construction, the word "or" in the present context serving the same purpose. The terms "with their contents" and "each" in the expression "weighing with their contents more than fifteen pounds each," while appropriate to fish "in immediate containers," cannot, in our opinion, be fairly held applicable to the "In bulk" alternative.

Thus it becomes necessary to determine whether the merchandise at bar is "In bulk" in a tariff sense. Our immediate reaction to that question is the same as that of the Customs Court which described the fish blocks as "frozen *in bulk form*, weighing approximately 13½ pounds," [Emphasis supplied]. In addition, the lexicographers, while not providing a precise definition of "bulk" or "in bulk," appear to support appellant's contention that "bulk" is a very relative term, broad enough to include the instant merchandise.[2] Although the cases [3] relied on by appellant are not sufficiently in point to be controlling, they do provide us with some help regarding the meaning of "In bulk" in a tariff sense. Appellant further points out that the imported fish blocks are not packaged for the retail trade but must be further processed in the United States, thereby presumably satisfying the Congressional intent to provide employment for American labor.

On this record, we think the merchandise can fairly be held to be contemplated by the second provision of paragraph 720(b). ▇ We resolve doubt thereon in favor of the importer. *United States* v. *Compania Azucarera Del Camuy, Inc.*, 45 CCPA 4, C.A.D. 664.

Under such circumstances, we are obliged to *reverse* the judgment appealed from.

---

[2] For example, Webster's New Collegiate Dictionary (1953) defines "bulk" as "a mass; an aggregate : esp. in *in bulk,* a mass of some product not packaged, bottled, etc., for the trade." But also see Webster's New International Dictionary, 2nd Edition, which defines *"in bulk"* as "in a mass; not enclosed in separate packages or divided into parts * * *", and "mass" as "1. A quantity of matter, or the form of matter, cohering together. so as to make one, originally amorphous, body, or an aggregation of particles or things which collectively make one body or quantity, usually of considerable size * * *. 2. A large quantity, amount, or number ; a bulk."

[3] *United States* v. *Strohmeyer & Arpe Co.,* 25 CCPA 120, T.D. 49242 ; *United States* v. *S. B. Penick & Co.,* 24 CCPA 436, T.D. 48901 ; *Knott* v. *United States,* 9 Ct. Cust. Appls. 93 T.D. 37948.

MARTIN, J., did not sit but participated in the decision hereof by agreement of counsel.

RICH, Judge, dissenting, with whom SMITH, Judge, joins.

On the basis of the facts stated and definitions quoted in the majority's opinion, I respectfully disagree with its conclusion that the 13½ pound *packages* of frozen fish are "In bulk" under paragraph 720(b).

I agree that the court below erred in construing the statute to include two and not three categories, for the reasons given by the majority. I cannot agree with its unsupported conclusion that the packaged fish here was "In bulk." It was in 13½ pound cardboard containers expressly within the statutory provision for "Fish * * * In immediate containers weighing * * * not more than fifteen pounds each * * *."

The dictionary definitions quoted distinguish "bulk" aggregates from packaged materials. Here we have packaged frozen fish, contained in cartons both before and after freezing.

The cases cited in the majority's footnote 3 are admittedly not helpful and no other authority is cited for the seemingly arbitrary conclusion that fish in 13½ pound uniform packages is "In bulk." The conclusion appears to me to be contrary to ordinary English usage.